accurate survey of said premises may disclose that does not render the title unmarketable."

*Charles A. Winter* for appellant.

*Abraham Grometstein* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ. Not sitting: O'BRIEN, J.

---

THE PEOPLE OF THE STATE OF NEW YORK; Respondent, *v.* JOSEPH J. BERNSTEIN, Appellant.

*Crimes — grand larceny in first degree — judgment of conviction affirmed.*

*People* v. *Bernstein*, 223 App. Div. 786, affirmed.
(Argued April 9, 1928; decided May 1, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 21, 1928, which affirmed a judgment rendered at a Trial Term for the county of Kings upon a verdict convicting the defendant of the crime of grand larceny in the first degree.

*Robert H. Elder* and *Otho S. Bowling* for appellant.

*Charles J. Dodd, District Attorney* (*James I. Cuff* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MOE H. HOROWITZ, Appellant, *v.* BRIDGET E. GALLIVAN, Respondent.

*Vendor and purchaser — contract — specific performance — tender — action to compel specific performance of contract to sell real property — failure to tender payment at place named in contract.*

*Horowitz* v. *Gallivan*, 222 App. Div. 690, affirmed.
(Argued April 10, 1928; decided May 1, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,

entered December 1, 1927, affirming a judgment in favor of defendant entered upon a decision of the court on trial at Special Term. The action was to compel specific performance of a contract to sell real property. The trial court found that the contract was made in the State of Connecticut and required payment of the purchase money at defendant's residence in that State and that plaintiff had never made or tendered such payment.

*Max Leff* and *I. J. Ginsberg* for appellant.

*M. E. Kelley* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

----

In the Matter of SAMUEL HOROWITZ et al., Copartners under the Firm Name of STERLING COTTON MILLS, Respondents, against BENJAMIN KAPLAN et al., Copartners under the Firm Name of KAY AR EFF CLOAK COMPANY, Appellants.

*Arbitration — award set aside for misconduct of arbitrator in examining merchandise in dispute in absence of his associate arbitrator.*

*Matter of Horowitz* v. *Kaplan,* 221 App. Div. 567, reversed.
(Submitted April 10, 1928; decided May 1, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 4, 1927, which reversed an order of Special Term granting a motion to vacate, annul and set aside an award of arbitrators, denied said motion and directed reinstatement of the award. The controversy was between buyer and seller of merchandise, it being contended by the purchaser that the goods did not conform to sample. During the course of the arbitration that followed the arbitrators examined the merchandise but being unable to arrive at a unanimous decision, it was agreed between them that one arbitrator should return the next day and again examine the merchandise. This he did and reported